1  Marc Steven Applbaum, Esq  SBN# 555211
2  Midway Law Firm APC
   4275 Executive Square, Suite 200
3  La Jolla, Ca 92037
   760-484-1203
4  marc@midwaylawfirm com

5  Attorney for PLAINTIFF JOHNNY KAN
6

7

8

9                    **UNITED STATES DISTRICT COURT**
10                  **EASTERN DISTRICT OF CALIFORNIA**
11                      **SACRAMENTO DIVISION**
12

| | |
|---|---|
| 13  JOHNNY KAN | ) **Civil Case Number:** |
| | ) |
| 14 | ) **CIVIL COMPLAINT FOR DAMAGES** |
|     Plaintiff | ) **AND INJUNCTIVE RELIEF** |
| 15 | ) |
| 16 | ) 1  VIOLATIONS OF THE FAIR DEBT |
|     vs | )    COLLECTION PRACTICES ACT |
| 17 | )    UNDER 15 USC § 1692 |
| 18  VERDERA COMMUNITY | ) 2  CANCELLATION OF WRITTEN |
|     ASSOCIATION, California Non-Profit | )    AGREEMENT |
| 19  Corporation , SHAMUS McCLURE, ATC | ) 3  VIOLATIONS OF THE DAVIS- |
|     ASSESSMENT COLLECTION | )    STIRLING COMMON INTEREST |
| 20  COLLECTION GROUP, LLC , ANGIUS | )    ACT |
| 21  & TERRY LLP, PLACER COUNTY | ) 4  UNFAIR AND DECEPTIVE |
|     SHERIFF DEPARTMENT, DOES 1- | )    BUSINESS PRACTICES |
| 22  1000, inclusive | ) |
| 23 | ) [EMERGENCY EX PARTE |
|     Defendants | ) APPLICATION FOR TRO REQUESTED] |
| 24 | |

25

26

JOHNNY KAN (herein referred to "PLAINTIFF") through counsel alleges the following

### GENERAL ALLEGATIONS, JURISDICTION AND VENUE

1   This Court has subject matter jurisdiction over this action pursuant to US 28 USC §1332 (a) on the grounds that complete diversity exists between the parties and the amount in controversy exceeds $75,000 00 exclusive of interest and costs as well as pursuant to Title 42 of the United States Code, §§ 1942 and subject matter of Plaintiff's state claims arising out of California's common law pursuant to 28 U S C 1331, et seq for supplemental jurisdiction under the Declaratory Judgment Act

2       Jurisdiction of this Court arises pursuant to 28 U S C  § 1331, 15 U S C  § 1692(k), and 28 U S C  § 1367 for supplemental state claims  9  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U S C  §§ 1692 et seq ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788 32 ("Rosenthal Act")

3       All the events described herein occurred in this district, Sacramento and Placer County, California  pursuant to Title 28 of the United States Code §1931, Venue is therefore appropriate here in the Eastern District Court of California as the alleged acts occurred in this district

4       This action is brought without prejudice to plaintiffs' rights to seek monetary compensatory damages in a subsequent action to the lawsuit filed by the HOA that was been removed to federal court and that the PLAINTIFF herein specifically reserves that right in accordance to federal law

5       Furthermore, Plaintiffs allege that there is no immunity, qualified or otherwise, where there is bad faith or willful conduct *Armstrong v Wilson* (9th Cir 1997) 124 F 3d 1019, 1026, *Pulliam v Allen* (1984) 466 U S  522, 523, *Vidmar v Williams* (N D

Cal 2005) 367 F Supp 2d 1265  Defendants are hereby put on notice that any arguments

which unsuccessfully raise these issues - such as in a 12(b)(6) motion - which are decided

based on the aforementioned cases and their precedent/progeny - will be commented on at

trial as further evidence of bad faith in support of plaintiffs' punitive damages requests

## PARTIES

6  Johnny Kan is a natural person  (herein referred to "PLAINTIFF') is 78 years

old, Asian, citizen of Oklahoma and resides in Tulsa, Oklahoma that purchased a

retirement property on May 5, 2009 located at 3591 Camino Cielo, Lincoln,  CA  95648

("SUBJECT PROPERTY") now valued at approximately $1 608, 900 00 according to the

County Assessor with estimated equity in the amount of $1,594, 239 00 and a consumer

as defined by California Prohibited Practices, et al

7      Defendant, VERDERA COMMUNITY ASSOCIATION (herein referred to as

"HOA") is a California Domestic Corporation (C2548393) and Ron Shearer is currently

listed as its Statutory Agent published by the California Secretary of State and at all times

material acting, or purporting to act, within his official capacity with respect to the events

described herein and is a debt collector as that term is defined by 15 U S C A § 1692

8      Defendant, SHAMUS MCCLURE is the acting President of the HOA and

plaintiff alleges that he ratified the sale of the SUBJECT PROPERTY

9      Defendant, ATC ASSESSMENT COLLECTION GROUP, LLC is a California

corporation suspended in 2017 that was located at 1451 River Park Drive, Suite 125,

Sacramento, CA 95815 that was owned and operated as an attorney supervised collection

and foreclosure service company owned and operated by attorneys Anguis & Terry

Collections, LLC and Paul P  Perry Jr  as its managing member that had its license

cancelled and closed its office on or about January 1, 2018 that  uses an instrumentality of

interstate commerce or the mails in a business the principal purpose of which is the

collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U S C § 1692a(6) 20 Plaintiffs are a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788 2(h) 21 Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788 2(b) This case involves money, property and their equivalent

10    Defendant, ANGIUS & TERRY LLP dba ANGIUS & TERRY COLLECTIONS is located at 1451 River Park Drive, Ste 215, Sacramento, CA 95815 that managed, owned and operated ATC ASSESSMENT COLLECTION GROUP, LLC at all times material that was the collection agency for the HOA

11    Defendant PLACER COUNTY SHERIFF DEPARTMENT is scheduled to sale the Subject Property as a Sheriff Sale on February 23, 2022 (A copy of the Notice is attached as Exhibit A)

12    Defendants Does 1-1000 are sued in both their personal and official capacities as agents, employees, members and/or officials of the HOA and informed and believe and thereon allege that all defendants and Does 1-100 are, and each of them responsible for the acts alleged herein within the scope of their office, authority, agency and/or employment, in representative capacity on behalf of HOA and therefore individually and collectively responsible for the acts complained of herein All defendants acting separately and in unison, directly and through their agents and subordinates, infringed on the rights of the PLAINTIFF and are responsible for maintaining, and/or administering the policies, procedures and/or practices and/or were responsible for the acts as alleged herein as well as the procedures and/or practices and were each co-participants in the actions and inactions with the other named defendants herein which constitute violations of Constitutional law,

4

federal law, and California law

13        This action is brought without prejudice to plaintiffs' rights to seek monetary compensatory damages in a subsequent action to the lawsuit filed by the HOA and that the Plaintiff herein specifically reserves that right in accordance to federal law

14        Furthermore, Plaintiffs allege that there is no immunity, qualified or otherwise, where there is bad faith or willful conduct *Armstrong v Wilson* (9th Cir 1997) 124 F 3d 1019, 1026, *Pulliam v Allen* (1984) 466 U S 522, 523, *Vidmar v Williams* (N D Cal 2005) 367 F Supp 2d 1265  Defendants are hereby put on notice that any arguments which unsuccessfully raise these issues - such as in a 12(b)(6) motion - which are decided based on the aforementioned cases and their precedent/progeny - will be commented on at trial as further evidence of bad faith in support of plaintiffs' punitive damages request

## FACTUAL ALLEGATIONS

15  On or about May 5, 2009,  Johnny Kan (herein referred to "PLAINTIFF') is purchased  a retirement property on May 5, 2009 located at 3591 Camino Cielo, 95648 ("SUBJECT PROPERTY") for  $809,950 00

16  At all times material, PLAINTIFF is a member of Verdura Community Association (herein referred to the "HOA") that includes CCR&Rs that requires the PLAINTIFF to be responsible for the maintenance and repair of his residence(s) and other improvements in a "first class, neat and attractive presence as the PLAINTIFF has two properties being managed by the HOA  One being, at the SUBJECT PROPERTY and a second property located at 208 Estrella Place, Lincoln, CA 95648

17    CCR&Rs provides, among other things that "landscaping shall be deemed a work of improvement requiring Design Review Committee approval that may be approved or

improvement requiring Design Review Committee approval that may be approved or denied by the HOA that can include 'architectural and aesthetic control"

18  Pursuant to Article XIII of the CCR&Rs HOA has the right to enforce the governing documents and to engage in an alternative dispute resolution to resolve matters as required by California law

19  PLAINTIFF alleges that he never received written notices from HOA and initially levied a fine in the amount of $790 00 that has now escalated to approximately $56,000 00, consisting of primarily attorney fees

20  PLAINTIFF pays the HOA $155 00 per month or $1860 00 per year that is automatically deducted from his bank and all times material has never received an accounting statement from the HOA

21  Since PLAINTIFF purchased "SUBJECT PROPERTY" on May 5, 2009 he has paid the HOA $38, 400 00 not including late fees, interest, late fee warning letters, attorney fees and costs that included an Assessment in the amount of $8566 00

22  According to the Placer County Recorder and TAX ASSESSOR, HOA and ATC ASSESSMENT COLLECTION GROUP ATC sold PLAINTIFFS home on July 16, 2020 in the amount of $16,600 00 that included attorney, fees and costs in the amount of $8518 75

23  According to the Placer County Recorder "Trustee" collected $16,600 00 from the PLAINTIFF that exercised his right of redemption and recorded a Release of

Notice of Delinquent Assessment and Notice of Rescission of Certificate of Sale on

November 2, 2015

24     On February 4, 2015 VERDERA COMMUNITY ASSOCIATION ("herein

referred to as "PLAINTIFF") filed a civil complaint against JOHNNY KAN (herein

referrred to as the "DEFENDANT") in Placer County Superior Court in Case Number

S-CV- 0035805

25     PLAINTIFF never received a copy of a new Judgment entered in 2019 infavor

of the HOA that is the basis of the February 23, 2022, Sheriff Sale or had any knowledge

that a judgment had been entered until December 7, 2021

26     DEFENDANT HOA has not vacated the 2019 judgment and has scheduled a

Sheriff Sale on February 23, 2022 on a property valued at $1 6M with over $1 5M in equity

over an alleged judgment in the amount of approximately $56,000 00

27     PLAINTIFF is entitled to judgment quieting its title in the Subject Property

against any right, title, estate, lien or interest  Defendants have no right, title, estate, lien, or

interest in the Subject Property

FIRST CAUSE OF ACTION

Violations of the Fair Debt Collection Practices Act under 15 USC § 1692

(AGAINST DEFENDANT HOA)

28  PLAINTIFF incorporates by reference all of the preceding paragraphs

29  PLAINTIFF alleges that at various times and multiple times prior to the filing of the instant complaint, DEFENDANT HOA contacted the PLAINTIFF in an attempt to collect an alleged outstanding debt

30  HOA contacted the PLAINTIFF by mail and telephone in an attempt to collect a debt

31  HOA violated 1692e (11) failed to disclose to the PLAINTIFF during its multiple communications that the communication was an attempt to collect a debt

32  HOA violated the FDCPA in multiple ways, including, but not limited to

a) Failing to notify PLAINTIFF during its initial communication that they were attempting to collect a debt and that any information would be used for that purpose,

b) Failing to notify PLAINTIFF during each contact that the communication was from a debt collector,

c) Threatened the PLAINTIFF during a collection call that they would lose their home if their debt was not satisfied

33  As a result of the above violations of the FDCPA, PLAINTIFF suffered and continues to suffer injury to PLAINTIFF's feelings, personal humiliation, embarrassment, mental anguish and emotional anguish, emotional and physical distress, HOA is liable to PLAINTIFF for PLAINTIFF's actual damages, statutory damages, and costs and attorney fees

SECOND CAUSE OF ACTION

CANCELLATION OF WRITTEN AGREEMENT

(Against the HOA and PLACER COUNTY SHERIFF DEPARTMENT)

34  PLAINTIFF incorporates by reference all of the preceding paragraphs

35  PLAINTIFF alleges that if the wrongfully recorded Notice of Sheriff Sale of Real Property are left Recorded on the Subject Property, PLAINTIFF will continue to suffer

loss and damages

36    PLAINTIFF therefore seeks cancellation of the above mentioned recorded

Instrument by DEFENDANT PLACER COUNTY SHERIFF'S OFFICE in Levying

Officer File Number  2021001041  (A true copy is attached as Exhibit A)

37  PLAINTIFF is informed, believes, and therefore alleges that the HOA,

and DEFENDANT MCCLURE acted willfully and with a conscious disregard for

PLAINTIFF'S rights and with a specific intent to injure PLAINTIFF by causing the above

documents to be prepared and recorded without a factual or legal basis for doing so

38  On information and belief, these acts by Defendants acted with a conscious

disregard for the requirements to conduct a non-judicial foreclosure and Sheriff's Sale by

the HOA that was fraudulent and was a calculated risk to harm the PLAINTIFF

39  By virtue  of the Defendants' willful and wrongful conduct as herein alleged

above, PLAINTIFF is entitled to general and special damages according to proof at trial,

but not less than $2,000 000 00 as well as punitive and exemplary damages as determined

by the Court

40  PLAINTIFF further requests that the Court direct the DEFENDANT PLACER

COUNTY SHERIFF to immmediately and without delay, cancel PLAINTIFFS Sheriff

Sale

THIRD CAUSE OF ACTION

UNFAIR, UNLAWFUL AND DECEPTIVE BUSINESS ACTS OR PRACTICES BUS PROF CODE 17200 et seq

(Against all DEFENDANTS)

41 PLAINTIFF incorporates by reference all of the preceding paragraphs

42 All Defendants engaged in unlawful, unfair, and deceptive business practices at all times material

43 Plaintiff has been harmed by Defendants' actions and Defendants' conduct was a substantial factor in causing PLAINTIFF' harm

44 As a result of Defendants' actions, PLAINTIFF suffered actual damages in an amount to be proven at trial, but which amount is within the jurisdictional requirements of this Court

45 Defendants have individually, and in concert, acted with reckless and conscious disregard for the rights of PLAINTIFF Defendants' conduct has been grossly negligent, malicious, and oppressive, thereby entitling PLAINTIFF to punitive damages in an amount to be proven at trial

46 PLAINTIFF alleges that the acts of Defendants as alleged throughout this Complaint, and in each cause of action above, constitute unlawful, unfair, and fraudulent business practices and thereby violate Cal Bus & Code §172000 et seq

47 PLAINTIFF has suffered substantial harm due to Defendants severe and continual violations of law As a proximate result of Defendants' unlawful, unfair, and fraudulent business practices, PLAINTIFF has incurred substantial damages

48     PLAINTIFF has suffered both loss of money and property in an amount to be proven at trial, but which amount is within the jurisdictional requirements of this Court Further, PLAINTIFF is entitled to restitution and disgorgement of all sums of money wrongfully obtained by the Defendants during PLAINTIFF member in the HOA, and any other appropriate relief authorized by Cal Bus & Prof Code §17200 et seq

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF THE DAVIS STIRLING ACT

## (Against DEFENDANT HOA and its Board Members)

49     PLAINTIFF incorporates by reference all preceding paragraphs

50     PLAINTIFF has standing to bring this cause of action under, inter alia, Civil Code 1363 09, which provides that a member of an association can bring a civil action for declaratory or equitable relief for a violation of any article by an association for which he or she is a member

51     PLAINTIFF alleges that HOA failed to provide a request for resolution pursuant to Civil Code § 1369 530 identifying certain issues in dispute

52     PLAINTIFF alleges that the HOA failed to offer alternative dispute resolution through a local bar association before recording a Notice of Default and/or Abstract of Judgment and/or Notice of Sheriff Sale

53     PLAINTIFF alleges that the authority of the board of directors of the association to sell her residence at a trustee sale was not conferred by law or within the authority of the Board pursuant to the CCR's

54     PLAINTIFF alleges violations of Civil Code § 1357 130(b) by the HOA Board for failing to consider his comments before adopting a resolution to sell his residence at a trustee sale or sheriff sale in violation of the CCR's

55    PLAINTIFF alleges that the HOA violated multiple remedies of the Association for nonpayment since they acted in bad faith and failed to offer a payment plan once they recorded a Notice of Lien on the Subject Property

56    Pursuant to Civil Code § 1363 09 (b) a prevailing association member may recover her attorney fees and costs to enforce the Common Interests Development Open Meeting Law

57    Pursuant to Civil Code § 1363 09(b) the Court can impose a $500 00 penalty for each violation of the Common Interests Development Open Meeting Law

58    PLAINTIFF alleges that certain Board members did not ratify their resolution to foreclosure on Subject Property for unpaid assessments

59    PLAINTIFF alleges that the HOA lien in the amount of $56,000 00 is unwarranted and legally without merit

60    PLAINTIFF alleges that pursuant to its CCR's selling the "Subject Property" for $56,000 00 to the highest bidder is both illegal and unconscionable

WHEREFORE, PLAINTIFF requests relief as fully set forth below, including, but not limited to the Court issuing an injunction pursuant to FRCP Rule 65 to order HOA and its Board and/or its Property Manager to void its resolution to sell SUBJECT PROPERTY at a Trustee Sale or a Sheriff Sale, including an Order from the Court to enjoin, restrain DEFENDANT PLACER COUNTY SHERIFF from selling the SUBJECT PROPERTY at a Sheriff Sale until there has been an adjudication of this case

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief and judgment as follows

1  For compensatory and actual damages, according to proof,

2  For consequential damages, according to proof,

3  For pre- and post-judgment interest,

4  For punitive and exemplary damages no less than $5,000 000 00,

5  For statutory damages as plead herein,

6  For restitution as plead herein,

7  For reasonable attorneys' fees and costs,


## **DEMAND FOR A JURY TRIAL**

PLAINTIFF demand a jury trial on all causes of action triable by jury

DATED   February 21, 2022


                        /s/ Marc Steven Applbaum
                        Marc Steven Applbaum, Esq
                        MIDWAY LAW FIRM APC
                        ATTORNEY FOR JOHNNY KAN

# **VERIFICATION**

I, Marc Applbaum under CCP § 446 am the attorney for the PLAINTIFF that is unavailable and absent from this County Upon information and belief avow that the facts herein are within my knowledge and to the contents thereof The same is true of my knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters are believed to be true

I declare under penalty of perjury that the foregoing is true and correct and that this Verification was executed in San Diego County, California

Date  February 22, 2022

_____
Marc Steven Applbaum Esq

14

**EXHIBIT A**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name State Bar Number and Address) | LEVYING OFFICER (Name and Address) |
|---|---|
| **Paul W Windust, Attorney (167338)**<br>**BERDING & WEIL LLP**<br>**2175 N California Blvd., Suite 500**<br>**Walnut Creek, CA 94596**<br><br>TELEPHONE NO **Daytime (925) 838-2090**   FAX NO<br>E-MAIL ADDRESS **pwindust@berding-weil com**<br>ATTORNEY FOR (Name) **Verdera Community Association** | **Placer County Sheriff's Office**<br>**PCSO Civil Division**<br>**2929 Richardson Dr**<br>**Auburn, CA 95603**<br><br>**(530) 889-7885**<br>**Fax (530) 886-3840** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Placer**<br>STREET ADDRESS **10820 Justice Center Drive**<br>MAILING ADDRESS<br>CITY AND ZIP CODE **Roseville, CA 95678**<br>BRANCH NAME **Placer County Superior Court** | **California Relay Service Number**<br>**(800) 735-2929 TDD or 711** |
| PLAINTIFF/PETITIONER **Verdera Community Association**<br>DEFENDANT/RESPONDENT **Johnny Kan** | COURT CASE NUMBER<br>**SCV0035805** |
| **Notice of Sheriff's Sale of Real Property (CCP 701.540)** | LEVYING OFFICER FILE NUMBER<br>**2021001041** |

Date   **01/11/2022**

[x] Writ of Execution

Under a [ ] Writ of Sale for Partition

[ ] Warrant Issued by the State of California

Issued out of the above court on 07/13/2021 on the Judgment rendered on 01/17/2019

for the sum of $56,864 97 (estimated), I have levied upon all the rights title and interest of the judgment debtor(s),

Johnny Kan

in the real property, in the county of Placer, described as follows 3591 Camino Cielo, Lincoln, CA 95648, PARCEL ONE LOT 35, AS SHOWN ON THE PLAT OF FINAL MAP NO 2005-259 "VERDERA VILLAGE 19 – PHASE 1", FILED FOR RECORD ON DECEMBER 9, 2005 IN BOOK AA OF MAPS, PAGE 78, PLACER COUNTY RECORDS PARCEL TWO A NON-EXCLUSIVE EASEMENT FOR ROAD AND PUBLIC UTILITIES ON, OVER AND ACROSS LOT A AS SHOWN ON THE PLAT OF FINAL MAP NO 2005-279 "VERDERA VILLAGE 19 – PHASE 1" FILED FOR RECORD ON DECEMBER 9, 2005, BOOK AA OF MAPS PAGE 78, PLACER COUNTY RECORDS APN 332-140-016-000

Minimum Bid Amount (if applicable)       $0 00

PROSPECTIVE BIDDERS SHOULD REFER TO SECTIONS 701 510 to 701 680, INCLUSIVE, OF THE CODE OF CIVIL PROCEDURE FOR PROVISIONS GOVERNING THE TERMS, CONDITIONS, AND EFFECT OF THE SALE AND THE LIABILITY OF DEFAULTING BIDDERS

PUBLIC NOTICE IS HEREBY GIVEN that I will proceed to sell at public auction to the highest bidder, for cash in lawful money of the United States, all the rights, title, and interest of said judgment debtor(s) in the above described property or so much thereof as may be necessary to satisfy said execution, with accrued interest and costs on

| Date/Time of Sale | Location of Sale |
|---|---|
| 02/23/2022 10 00AM | Placer County Sheriff's Office, 2929 Richardson Dr, Auburn CA 95603 |

Directions to the property location can be obtained from the levying officer upon oral or written request

**Devon Bell, Sheriff-Coroner-Marshal**

**M Mason, Sergeant, Sheriff's Authorized Agent**

**LIENS MAY BE PRESENT WHICH MAY OR MAY NOT SURVIVE THIS LEVY**