UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Johnny Kan, | No. 2:22-cv-00348-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Verdera Community Association, et al., | |
| Defendants. | |

This action arises from plaintiff Johnny Kan's ownership of a residential property in Lincoln, California, interactions with defendant Verdera Community Association ("Verdera") and the 2022 sheriff's sale of the residential property by defendant Placer County Sheriff's Department ("PCSD"). For the reasons below, **the court denies Kan's motion to stay, grants PCSD's motion to dismiss in its entirety, grants Verdera's motion to dismiss in part and denies Verdera's motion to strike.**

I.  **FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

Kan purchased a single-family residence ("Property") in Lincoln, California in 2009. First Am. Compl. (FAC) at 9, ECF No. 29. The Property was subject to Verdera's Covenants, Conditions and Restrictions (CC&Rs), which require compliance with community standards set by Verdera as well as monthly payments to Verdera as the homeowners' association (HOA). *Id*.

1

1   Although Kan alleges he made the required monthly payments, *id*. at 10, Verdera claimed it did
2   not receive the payments and contacted Kan multiple times over the phone without informing
3   Kan it was "attempt[ing] to collect a debt" or that the call was coming from a debt collector, *id.*
4   at 14.

5   In 2015, Verdera filed a civil complaint against Kan in state court to collect the unpaid
6   HOA dues, fines and attorneys' fees, without first giving Kan written notices of nonpayment. *Id*.
7   at 10–11. In 2019, the state court awarded Verdera a judgment of $16,871.96. *Id.* at 11; FAC Ex.
8   A (State Court Judgment) at 25–29.[1]

9   In 2020, the state court ordered the sale of the Property. Verdera MTD at 8, ECF No. 35;
10  Ex. 3 Verdera Mot. (Order for Sale of Property) at 19–22, ECF No. 35–1.[2] In January 2022, after
11  refusing to consider Kan's comments, FAC at 19, Verdera directed the sheriff's department to
12  post a notice of sale of the Property, *id.* at 12. On February 23, 2022, the day of the Property sale,
13  Kan filed an emergency application for a temporary restraining order and the initial complaint in
14  this action. Compl., ECF No. 1; ECF No. 2. This court denied the application. ECF No. 6.
15  PCSD executed the sale for $787,000.00 and recorded the deed of sale on March 1, 2022. FAC at
16  12.

17  Kan's initial complaint included four claims against defendants, including seeking the
18  cancellation of the notice of the sheriff's sale. *See generally* Compl. Kan filed the operative
19  amended complaint on January 24, 2023, making five claims against defendants: (1) violation of
20  the federal Fair Debt Collection Practices Act (FDCPA) against Verdera; (2) violation of
21  California Code of Civil Procedure section 704.780(b) against Verdera and PCSD; (3) violation
22  of California Business and Professional Code section 17200 against all defendants; (4) violation
23  of California's Davis Stirling Act against Verdera and defendant Shamus McClure; (5) civil

---

[1] Plaintiff provided multiple exhibits with the first amended complaint itself. The court refers to the exhibits by their given names and uses the page numbers assigned by the CM-ECF software. The court takes judicial notice of the state court order. *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (a court may judicially notice proceedings in other courts if those proceedings have direct relation to matters at issue).

[2] The court takes judicial notice of the state court order for the Property Sale. *See supra* note 1.

trespass against defendants Mark and Murphy; and (6) elder abuse against Verdera. FAC at 14–23.

Meanwhile, on April 7, 2022, the state of California filed a criminal complaint against Kan, alleging: (1) assault with a firearm, (2) criminal threats, (3) discharge of firearm with gross negligence, (4) false imprisonment by violence, and (5) exhibiting a firearm. Complaint, *California v. Kan*, No. 62-184863 (Cal. Super. Ct. Mar. 2, 2023) (Superior Court Decision).[3] The state case is "currently scheduled for an arraignment hearing on April 18, 2023." PCSD Opp'n at 5. The criminal complaint and Kan's fifth claim of civil trespass stem from the same incident, which occurred on March 4, 2022. *Compare* Superior Court Decision *with* FAC.

Verdera and McClure move jointly to dismiss the claims against them, Verdera MTD, and PCSD separately moves to dismiss the claims against it, PCSD MTD, ECF No. 32. Verdera also moves to strike portions of Kan's complaint. Mot. to Strike, ECF No. 36. Kan did not file any opposition and the court submitted the motions without oral argument. ECF No. 47. Kan filed a first ex parte motion to stay the federal proceedings, ECF No. 42, which this court denied, ECF No. 45. Kan then filed a second ex parte motion to stay the federal proceedings, which the court addresses here. Mot. to Stay, ECF No. 46. Defendants opposed. PCSD Opp'n; Verdera Opp'n, ECF No. 49.

**II.   MOTION TO STAY**

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citations omitted). "'In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence. Nevertheless a court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem [ ] to require such action.'" *Id.* at 324 (quoting *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980)) (internal citations

---

[3] The court takes judicial notice of the criminal complaint, filed in the County of Placer Superior Court of California. *See supra* note 1. Counsel for defendant PCSD also informed the court of the criminal complaint filed against plaintiff on April 7, 2022. PCSD Opp'n at 5, ECF No. 48.

omitted). In contemplating a stay, federal courts should consider: (1) "the extent to which the defendant's Fifth Amendment rights are implicated," (2) the interest of plaintiff to "proceed[] expeditiously with [] litigation or any particular aspect of it," (3) the burden on the defendants, (4) judicial efficiency, (5) the interests of non-parties to the civil litigation and (6) the public interest. *Id.* at 324–25 (internal citations omitted). The court will examine these factors in turn.

First, the court finds Kan's Fifth Amendment rights will be minimally affected if this case proceeds. Kan has not articulated how his Fifth Amendment rights would be substantially implicated and instead provides the court with only conclusory statements regarding the importance of his constitutional rights. Mot. to Stay at 3. The court has examined the parties' briefing and finds Kan's Fifth Amendment rights would be directly implicated as to his claim of civil trespass only, because it is the only claim that relies on the same alleged facts as the state criminal charges. Kan has not articulated a connection between the remainder of his civil claims and the criminal allegations, and the court discerns none. That Kan may invoke his Fifth Amendment privilege in connection with one civil claim is not enough to warrant a stay here. *Keating*, 45 F.3d at 326 ("Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation . . . in a civil proceeding.").

Second, Kan has not explained why he waited more than a year from the filing of the criminal complaint to inform this court of the ongoing criminal proceedings and move for a stay.[4] As defendants point out, Kan "waited until the week before he faced multiple hearings on motions to dismiss" his complaint before filing this motion. Verdera Opp'n at 4; PCSD Opp'n at 4. Under these circumstances, it appears the motion to stay now could be a delay tactic rather than a good-faith attempt to protect a constitutional right.

---

[4] Kan first moved to stay this action on March 15, 2023, ECF No. 42, but the court denied the motion because it did not comply with this the Eastern District of California's local rules, ECF No. 45. Kan filed the current motion to stay three days later.

Turning to the remaining factors, while the interests of the public generally weigh in favor of a stay to protect the integrity of criminal proceedings, *Thissel v. Murphy*, No. 15-05937, 2017 WL 6945402, at *3 (N.D. Cal. Apr. 4, 2017) (collecting cases), the court finds the other factors do not weigh in favor of granting a stay here. Kan has "no interest in proceeding expeditiously" because he has moved for the stay. *Id.* at *2. Defendants, on the other hand, likely have an interest in proceeding as this case has been pending for over a year. Courts have generally decided judicial efficiency weighs against a stay "because the court has an interest in clearing its docket." *Petrov v. Alameda County*, No. 16-04323, 2016 WL 6563355, at *6 (N.D. Cal. Nov. 4, 2016) (internal citations omitted). Additionally, no party identifies any third party with an interest in this case. *See generally* Mot. to Stay; PCSD Opp'n; Verdera Opp'n.

Because Kan has not shown that his Fifth Amendment rights will be substantially prejudiced if this case moves forward, the **court denies the motion to stay.**

### III. MOTION TO DISMISS

#### A. Legal Standard

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Iqbal*, 556 U.S. at 679.

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at

5

678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555).

### B. Analysis

#### 1. Federal Fair Debt Collection Practices Act

To bring a successful claim under the FDCPA, a plaintiff must show, among other things, "the defendant is a 'debt collector' under 15 U.S.C. § 1692a(6)." *Wheeler v. Premiere Credit of N. Am., LLC*, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015). The term 'debt collector' means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Because Kan has not alleged any facts indicating Verdera regularly collects debts, the court **dismisses Kan's first claim, but with leave to amend** if possible subject to Federal Rule of Civil Procedure 11.

#### 2. Cancellation of Sheriff's Sale and Deed

Kan seeks to cancel the sheriff's sale deed, recorded in 2022, because the state Superior Court did not "reasonably determine whether the [] Property was at all times material [sic] exempt" and did not properly consider the Property's fair market value under California law. FAC at 15. He also alleges Verdera and PCSD "acted with a conscious disregard for the requirements to conduct a non-judicial foreclosure." *Id.* at 16.

To the extent Kan contests the validity of the Superior Court's order, the "*Rooker-Feldman* doctrine bars subject-matter jurisdiction over his claims."[5] *Ezor v. McDonnell*, No. 19-8851, 2020 WL 6468448, at *5 (C.D. Cal. Oct. 21, 2020), *report and recommendation adopted*, No. 19-8851, 2020 WL 7479622 (C.D. Cal. Dec. 18, 2020), *aff'd*, No. 21-55117, 2022 WL 1184187 (9th Cir. Apr. 21, 2022). The *Rooker-Feldman* doctrine applies when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a

---

[5] Because the court finds the claims are barred by *Rooker-Feldman*, the court does not address defendants' arguments that the claims are barred by *res judicata*. PCSD Mot. at 15.

state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). Here, Kan's claim that the Superior Court did not consider the proper evidence before making its decision is a "de facto appeal" of a state court judgment. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (de facto appeal is one in which "adjudication of the federal claims would undercut the state ruling"). The court cannot examine Kan's claims without second-guessing the independent decision of the state court.

To the extent Kan contends defendants conducted the sheriff's sale in an unlawful manner, he has not properly pled such a claim. Federal Rule of Civil Procedure 15(d) allows courts to grant a plaintiff's motion to serve a supplemental complaint, "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Kan filed his original complaint on February 23, 2022, before the Property sale. *See* Compl. Kan filed his first amended complaint, including the claim to vacate the sale and corresponding deed, on January 4, 2023. *See* FAC. Because the sale and written deed of the Property occurred after the filing of the initial complaint, it appears Kan should have moved to file a supplemental complaint to bring these claims. Instead, Kan filed an amended complaint without leave from the court. *See id*. **The second claim also is dismissed with leave to amend**, to the extent possible under Federal Rule of Civil Procedure 11.

### 3.     Unfair Competition Law

California's Unfair Competition Law (UCL) generally prohibits (1) unlawful, (2) unfair, and (3) fraudulent acts or practices. Cal. Bus. & Prof. Code § 17200. "Each prong . . . is a separate and distinct theory of liability . . . offer[ing] an independent basis for relief." *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). An action is unlawful under the UCL and independently actionable if it constitutes a violation of another law, "be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1074 (C.D. Cal. 20030) (quoting *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838–39 (1994)).

First, the court **dismisses Kan's UCL claims against PCSD with prejudice** because government entities are "not subject to UCL claims." *Kajberouni v. Bear Valley Cmty. Servs.*

*Dist.*, 599 F. Supp. 3d 961, 972 (E.D. Cal. 2022).  Second, the court finds the UCL allegations against Verdera and McClure are conclusory because they recite the UCL factors but fail to identify with sufficient particularity which practices Kan alleges were unlawful, or which were unfair or fraudulent.  *See* FAC at 17 ("All defendants engaged in unlawful, unfair, and deceptive business practices at all times material."); *Moreno v. Wells Fargo Home Mortg.*, 2014 WL 5934722, at *10 (E.D. Cal. Nov. 12, 2014) (dismissing UCL claim because allegations were "stated in a conclusory fashion").  Thus, the court **dismisses Kan's third claim against Verdera and McClure, with leave to amend** if possible.

### 4. Davis-Stirling Common Interest Act

"The Davis-Stirling Common Interest Development Act (the "Davis-Stirling Act") is a comprehensive statutory scheme governing residential common interest developments in California." *In re Warren*, No. 15-03655, 2016 WL 1460844, at *3 (N.D. Cal. Apr. 13, 2016). "Among other things, the [] Act regulates a HOA's ability to collect debts owed by its members." *Hanson v. JQD, LLC*, No. 13-05377, 2014 WL 644469, at * 2 (N.D. Cal. Feb. 19, 2014).  The Act provides, in relevant part, "[a] member of an association may bring a civil action . . . for a violation of [this article] by the association." Cal. Civ. Code § 4605(a).  All parties agree a plaintiff must be a member of an association to bring suit, FAC at 19; Verdera Mot. at 19, because "the right of enforcement is inextricable from ownership of real property," *Martin v. Bridgeport Cmty. Assn., Inc.*, 173 Cal. App. 4th 1024, 1036 (2009).

Verdera and McClure argue Kan "no longer owns the [] Property" after the February 23, 2022 sale, and thus has no standing to bring suit.  Verdera Mot. at 19.  "The existence of standing turns on the facts as they existed at the time the plaintiff filed the complaint." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007).  Construing the allegations in the light most favorable to the non-moving party, Kan was the owner of the Property at the time he brought suit because he filed his original complaint and ex-parte motion to restrain the Property sale on the day of the sale itself.  FAC at 12; *cf. Farber v. Bay View Terrace Homeowners Assn.*, 141 Cal. App. 4th 1007, 1012 (2006) ("Since [plaintiff] attempted to enforce the CC & R's when she no longer owned a unit in condominium, the complaint and cross-complaint were properly

8

dismissed for lack of standing."). Defendants have not shown otherwise and have not identified any case law suggesting Kan must be the owner of the property throughout litigation to retain standing. The court **denies Verdera's motion to dismiss Kan's fourth claim.**

### 5. Elder Abuse

"The California Legislature enacted the Elder Abuse Act, Cal. Welf. & Inst. Code § 15600, et seq., 'to protect elders by providing enhanced remedies which encourage private, civil enforcement of laws against elder abuse and neglect.'" *Zimmer v. Nawabi*, 566 F. Supp. 2d 1025, 1033 (E.D. Cal. 2008) (quoting *Negrete v. Fid. & Guar. Life Ins. Co.*, 444 F.Supp.2d 998, 1001 (C.D.Cal.2006)). The Act provides "that financial abuse of an elder occurs when a person or entity, acting in bad faith, '[t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.'" *Rosove v. Cont'l Cas. Co.*, No. 2:14-01118, 2014 WL 2766161, at *3 (C.D. Cal. June 2, 2014); Cal. Welf. & Inst. Code § 15610.30(a)(1). "When the gravamen of an alleged Elder Abuse Act violation is fraud, the plaintiff must comply with the heightened pleading requirements of Rule 9(b)." *Bertolina v. Wachovia Mortg., FSB*, No. 10-05250, 2011 WL 3473527, at *4 (N.D. Cal. Aug. 9, 2011).

Here, while Kan's elder abuse claims are based on fraud, he has not pled with sufficient particularity the circumstances he alleges constituted that fraud. *See* FAC. Kan alleges he is an elder, *id*. at 22, but has not alleged sufficient facts identifying defendants' actions that were fraudulent or conducted in bad faith. *See* Cal. Welf. & Inst. Code § 15610.30(a)(1). The court **dismisses Kan's sixth claim, with leave to amend** if possible.

### IV. MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The granting of a motion to strike "may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Taheny v. Wells Fargo Bank, N.A.*, No. 10–2123, 2011 WL 1466944, at *2 (E.D. Cal. Apr. 18, 2011) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527–28 (9th Cir. 1993)). However, "[m]otions to strike are disfavored and

infrequently granted." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citations omitted).

Verdera moves this court to strike six sections of Kan's complaint relating to his request for punitive damages under his second, third and sixth claims. Mot. Strike at 2. Because the court is dismissing these claims, the court **denies this motion to strike as moot**. If Kan chooses to replead any of these claims, Verdera may again move to strike at the appropriate time.

### V.  CONCLUSION

For the reasons above, the **court denies Kan's motion to stay without prejudice. The court grants PCSD's motion to dismiss in full and also grants Verdera and McClure's motion to dismiss in part; it denies Verdera's motion to strike. The court dismisses Kan's first, second, third and sixth claims with leave to amend to the extent possible under Federal Rule of Civil Procedure 11**. Kan may file an amended complaint, which may contain the fourth and fifth claims as currently pled, within **twenty-one-days** of this order.

This order resolves ECF Nos. 32, 35, 36 and 46.

IT IS SO ORDERED.

DATED: April 12, 2023.

CHIEF UNITED STATES DISTRICT JUDGE