UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Johnny Kan, | No. 2:22-cv-00348-KJM-JDP |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Verdera Community Association, et al., | |
| Defendants. | |

This action arises from the sheriff's sale of a residential property in Lincoln, California. For the reasons below, **the court grants defendants' motion in part and expunges the *lis pendens* on the property.**

I.   **DISCUSSION**

The court has already discussed the history of this case in a prior order and incorporates that discussion by reference here. Prior Order (Apr. 13, 2023), ECF No. 52. Defendants Scott Jacoby and 22 DM purchased a residential property at 3591 Camino Cielo, Lincoln, California in February 2022, through the Sherriff's sale of the property. Prior Order (Apr. 13, 2023) at 2; Mot. at 2, ECF No. 59–1. Plaintiff filed his original complaint in this court the day of the sale but did not name defendants as parties in the original complaint. *See* Compl., ECF No. 1. Plaintiff then recorded a *lis pendens*— a recorded notice that real property is the subject of pending litigation– on the Lincoln residence on September 19, 2022, and "falsely claim[ed] this action was pending

1

against" defendants at that time.  Mot. at 2.  Defendants allege plaintiff failed to serve notice on defendants regarding the *lis pendens*.  Mark Decl. ¶ 4, ECF No. 59–3.  Plaintiff then filed a first amended complaint in January 2023, naming defendants.  First Am. Compl. (FAC), ECF No. 29.  As relevant to the Lincoln residence, the amended complaint included a claim to cancel the Sheriff's sale deed.  *Id*. at 15.  In its prior order, the court had dismissed this claim without prejudice and gave plaintiff twenty-one days to file an amended complaint.  Prior Order (Apr. 13, 2023) at 10.  Plaintiff did not file an amended complaint.

       Defendants allege they discovered the *lis pendens* on April 28, 2023, when they tried to sell the Lincoln residence.  Mark Decl. ¶ 7; Bernstein Decl. ¶ 3, ECF No. 59–2.  Defendants allege they cannot obtain insurance on the title to the Lincoln residence and cannot sell the property because of the *lis pendens* and the ongoing litigation.  Mark Decl. ¶ 12.  Defendants' attorneys reached out to plaintiff's attorney about expunging the *lis pendens* immediately after learning of it.  Bernstein Decl. ¶ 7.  Plaintiff's attorney seemed amenable to recording the expungement, *id.* ¶ 8, and sent defendants' attorney a draft withdrawal on May 20, 2023, *id.* ¶ 15.  But defendants allege communications have since broken down and plaintiff "negat[ed] his prior representations that he would file the withdrawal of Lis Pendens when notarized."  *Id.* ¶ 20.  Defendants filed a first ex parte motion asking this court to expunge the *lis pendens*, ECF No. 55, but this court denied the motion for failure to comply with the Local Rules, ECF No. 58.  Defendants then filed this ex parte motion asking the court to expunge the *lis pendens*, dismiss plaintiff's second claim with prejudice and grant their attorneys' fees.  *See generally* Not. of Mot., ECF No. 59; Mot.  Plaintiff opposes the motion.  Opp'n, ECF No. 60.

       **A.**    **Expungement of *lis pendens***

      *Lis pendens*, literally "pending lawsuit," is common shorthand for a recorded notice that real property is the subject of pending litigation; for all practical purposes, it prevents any transfer until the litigation is resolved or the notice is expunged.  *BGJ Assocs., LLC v. Super. Ct. of L.A.*, 75 Cal. App. 4th 952, 966–67 (1999); Cal. Civ. Proc. Code § 405.24.  State law provides the rule of decision for a motion to expunge the notice.  *See* 28 U.S.C. § 1964; Cal. Civ. Proc. Code

1    § 405.5; *see also Rodrigues v. F.D.I.C.*, No. 12-1243, 2012 WL 1945497, at *6 (N.D. Cal. May
2    30, 2012).

3          The California Code of Civil Procedure includes provisions for the recording and
4    expunging of a notice of the pendency of an action.  Section 405.20 allows "[a] party to an action
5    who asserts a real property claim" to "record a notice of pendency of action in which that real
6    property claim is alleged."  But "[a]t any time" after that notice is recorded, any other party with
7    an interest in the target real property "may apply to the court in which the action is pending to
8    expunge the notice."  Cal. Civ. Proc. Code § 405.30.  The notice must be expunged if either
9    (a) the party who filed the notice does not assert a real property claim or (b) "the court finds that
10   the claimant has not established by a preponderance of the evidence the probable validity of the
11   real property claim."  *Id.* §§ 405.31, 405.32.  "Probable validity . . . means that it is more likely
12   than not that the claimant will obtain a judgment against the defendant on the claim."  *Id.* § 405.3.
13   The party who recorded the notice—the party who opposes the motion—bears the burden of
14   proof.  *Id.* § 405.30.  The court may consider "[e]vidence or declarations" filed with the motion to
15   expunge, may conduct a hearing on the matter, and may "make any orders it deems just to
16   provide for discovery by any party affected by a motion to expunge the notice."  *Id.*; *see also*
17   *Hunting World, Inc. v. Super. Ct. of S.F.*, 22 Cal. App. 4th 67, 70–71 (1994) (summarizing
18   relevant statutes).

19         Here, plaintiff is the claimant—the party who recorded the notice—and bears the burden
20   to prove his claim is both a real property claim and is more likely than not to result in a judgment
21   in his favor.  However, as discussed above, this court already dismissed plaintiff's claim to cancel
22   the Sheriff's sale without prejudice and plaintiff did not file an amended complaint within the
23   specified period.  Prior Order (Apr. 13, 2023) at 10.  "Accordingly, the pleading on which the *lis*
24   *pendens* was based—the FAC—cannot provide a valid real property claim to support the *lis*
25   *pendens*."  *Doan v. Singh*, No. 1:13-CV-531, 2014 WL 3867418, at *2 (E.D. Cal. Aug. 6, 2014).
26   Thus, the court **grants defendants' motion to expunge the *lis pendens***.

**B.     Attorneys' Fees**

California Code of Civil Procedure section 405.31 generally permits an award of attorneys' fees in connection with expungement of a *lis pendens*. As such, defendants allege plaintiff's counsel "knew full well at the time he recorded the *lis pendens* he had no basis to do so" and ask the court to grant $7,600 in attorneys' fees. Mot. at 7–8; Bernstein Decl. ¶ 24.

The court is troubled by the plaintiff's briefing and defendants' allegations. "[N]o plaintiff has the right to ambush a property owner by surreptitiously recording a lis pendens." *Bergman v. Tobin*, No. 11-1866, 2012 WL 5471796, at *4 (E.D. Cal. Nov. 9, 2012), *report and recommendation adopted*, 2012 WL 6088293 (E.D. Cal. Dec. 6, 2012) (citing *Biddle v. Super. Ct. of Orange Cty.*, 170 Cal. App. 3d 135, 137 (1985)). Although plaintiff filed a notice of *lis pendens*, Opp'n at 2, a party who records a notice of a pending action must serve a copy of the notice on all "parties to whom the real property claim is adverse and to all owners of record of the real property affected by the real property claim." Cal Civ. Proc. Code § 405.22. Defendants claim they were not served with notice of the *lis pendens*. Mark Decl. ¶ 4. Additionally, plaintiff now seemingly has refused to cooperate and expunge the *lis pendens*, with no good reason. Bernstein Decl. ¶ 23.

Due to the severity of defendants' accusations and the lack of urgency regarding payment of the fees, the court finds it prudent to proceed on a noticed motion, and not ex parte. *See In re Intermagnetics Am., Inc.*, 101 B.R. 191 (C.D. Cal. 1989). The court **denies** defendants' current motion for attorneys' fees. Defendants may file a noticed motion for attorneys' fees and plaintiff may respond to the motion, as outlined in the Local Rules.

**C.     Second Claim Moot**

As discussed above, the court has already dismissed plaintiff's second claim to cancel the Sheriff's deed of sale on the Lincoln residence. Because plaintiff did not file an amended complaint within the permitted time period, plaintiff has no claim pending before the court challenging the validity of the sale. Accordingly, **the court denies the motion to dismiss the second claim as moot**.

4

## II.   CONCLUSION

For the reasons above, the court **grants defendants' motion in part**.  **The court orders the expungement of the *lis pendens* on the Lincoln residence.  If defendants wish to renew their motion for attorneys' fees in relation to the *lis pendens* question they may file a noticed motion with the court.  The court denies defendants' motion to dismiss as moot.**

This order resolves ECF No. 59.

IT IS SO ORDERED.

DATED:  June 29, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

5