UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Johnny Kan, | No. 2:22-cv-00348-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Verdera Community Association, et al., | |
| Defendants. | |

On July 24, 2023, plaintiff's counsel, Marc Steven Applbaum, filed a motion to withdraw as counsel of record. Mot. to Withdraw, ECF No. 63. In his motion and in other filings before the court, as described in more detail below, counsel describes communications with his client, Mr. Kan, which appear to be covered by Mr. Kan's attorney-client privilege. The court also notes counsel's non-appearance at the September 1, 2023 hearing set for consideration of counsel's motion, Mins. Hr'g, ECF No. 72, as well as allegations brought to the court's attention by Mr. Kan, Letter, ECF No. 73.

First, "[t]he attorney-client privilege protects confidential communications between attorneys and clients that are made for the purpose of obtaining legal advice." *Briggs v. County of Maricopa*, No. 18-2684, 2021 WL 1192819, at *6 (D. Ariz. Mar. 30, 2021) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). The privilege protects both the client's disclosures and the attorneys "advice in response." *In re Grand Jury Investigation (Corp.)*, 974 F.2d 1068, 1070 (9th Cir.1992) (cleaned up). The privilege is held by the client and generally only can be waived

1

1    by the client. *Fox v. Cal. Sierra Fin. Servs.*, 120 F.R.D. 520, 527 (N.D. Cal. 1988). Here,
2    however, counsel has made a public filing on the court's docket that claims Mr. Kan has made
3    demands of counsel "in diametric opposition to [counsel's] advice." Mot. to Withdraw at 3. He
4    also asserts that Mr. Kan is "being interviewed by a psychologist in his criminal case." *Id.*
5    Additionally, in his opposition to defendant's motion for fees, counsel attempts to excuse his
6    actions by saying plaintiff "demanded that counsel record a *lis pendens* after counsel [] advised
7    him of the risks" and plaintiff "refused to expunge his *lis pendens* after" defendants learned of the
8    *lis pendens* and contacted him. Opp'n at 4–5, ECF No. 65. These statements appear to disclose
9    the content of private communications between counsel and his client related to legal advice. *See*
10   *In re Grand Jury Investigation (Corp.)*, 974 F.2n 1071 n.2 (reciting the eight-part test to
11   determine whether information is covered by the privilege). Moreover, these disclosures may
12   violate California Rule of Professional Conduct 1.6, which bars lawyers from revealing
13   confidential information unless certain circumstances are met, none of which appears applicable
14   here. *See* Cal. R. Prof. Conduct 1.6.

15          Second, counsel did not appear at the court's September 1, 2023, motion hearing
16   regarding his motion to withdraw. Mins. Hr'g. Counsel concedes he only "advised the clerk" of
17   his inability to travel at the eleventh hour, the day before the hearing, Applbaum Decl. ¶ 2, Mot.
18   to Continue, ECF No. 71. He filed an ex parte motion the morning of the hearing, citing only his
19   inability to travel, *id.*, well after this court's seven-day deadline to request a remote appearance
20   for good cause, *see* Civil Standing Order;[1] E.D. Cal. L.R. 174. Counsel's last-minute efforts fail
21   to convey proper respect for the court.

22          Third, Mr. Kan has provided a letter with attachment to the court, saying counsel "has
23   kept approximately $446,000" of plaintiff's funds, lied to plaintiff and charged plaintiff $40,000
24   in trial fees for a trial that did not take place. Letter at 1. Plaintiff attaches to his communication
25   a letter from a different attorney, reviewing details of counsel's alleged misappropriation of funds
26   and untruthfulness toward his client. *Id.* at 2–3. If the allegations are true, a question the court

---

[1] Judge Kimberly J. Mueller, *Civil Standing Order*,
https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5020/civil-standing-order.

1  does not decide, they would suggest counsel has violated not only the California Rules of
2  Professional Conduct but also state and federal laws.  *See, e.g.*, Cal. R. Prof. Conduct 1.15.  While
3  counsel has filed a response to the letter, ECF No. 74, that filing preceded the issuance of this
4  order to show cause.  The court disregards the response without prejudice to counsel's including
5  its contents in his formal response to this order.

6      Based on counsel's written disclosures of apparent attorney-client information, non-
7  appearance at hearing and alleged conduct with respect to his client, counsel is **ordered to show**
8  **cause within fourteen days** why this court should not suspend or revoke his admission to the Bar
9  of this Court and report his conduct to the State Bar of California.  *Erickson v. Newmar Corp.*,
10  87 F.3d 298, 303 (9th Cir. 1996) ("District judges have an arsenal of sanctions they can impose for
11  unethical behavior.  These sanctions include monetary sanctions, contempt, and the
12  disqualification of counsel."); E.D. Cal. L.R. 180(e) (all members of the Bar of this Court must
13  "comply with the standards of professional conduct required of members of the State Bar of
14  California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar
15  of California, and court decisions").

16      IT IS SO ORDERED.
17  DATED:  September 6, 2023.

CHIEF UNITED STATES DISTRICT JUDGE