UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Johnny Kan,<br><br>    Plaintiff,<br><br>  v.<br><br>Verdera Community Association, et al.,<br><br>    Defendants. | No. 2:22-cv-00348-KJM-JDP<br><br>ORDER |

  Defendants Scott Jacoby as trustee and 22 DM LP seek attorneys' fees in this action regarding the Sheriff's sale of a residential property in Lincoln, California. Shortly after defendants filed their motion, plaintiff's counsel Mr. Applbaum moved to withdraw as counsel of record for plaintiff. Following hearing on the motions, the court issued an order to show cause to Mr. Applbaum. For the reasons below, the court **grants defendants' motion for fees, denies plaintiff's counsel's motion to withdraw without prejudice and resolves the order to show cause.**

**I. BACKGROUND**

  The court has already discussed the history of this case in two prior orders and incorporates those discussions by reference here. Prior Order (Apr. 13, 2023) at 1–3, ECF No. 52; Prior Order (June 30, 2023) at 1–2, ECF No. 61. In relevant part, defendants purchased a residential property through a Sherriff's sale. Prior Order (Apr. 13, 2023) at 2. Defendants later

1

1  learned plaintiff, the former owner of the property, recorded a *lis pendens*—a recorded notice that
2  real property is the subject of pending litigation—against the residence.  This court previously
3  granted defendants' ex parte motion to expunge the *lis pendens*, finding plaintiff's complaint, the
4  pleading on which the *lis pendens* was based, could not support a valid real property claim.  Prior
5  Order (June 30, 2023) at 3; *see also Doan v. Singh*, No. 13-0531, 2014 WL 3867418, at *2 (E.D.
6  Cal. Aug. 6, 2014).  In that same motion, defendants also moved for attorneys' fees.  The court
7  determined the fees motion should be noticed for hearing, so it denied defendants' ex parte
8  request without prejudice.  Prior Order (June 30, 2023) at 4.  Defendants have now filed a noticed
9  motion for attorneys' fees, Mot. for Fees, ECF No. 62, plaintiff opposes, Opp'n, ECF No. 65,[1]
10 and defendants have replied, Reply, ECF No. 68.  As noted, plaintiff's counsel separately has
11 filed a motion to withdraw as counsel.  Mot. to Withdraw, ECF No. 63.  The court set the matter
12 for hearing of both motions on September 1, 2023.  Hr'g Mins., ECF No. 72.  Plaintiff's counsel
13 was not present.[2]  Richard Bernstein appeared for defendants.  At hearing, the court granted
14 defendants' counsel seven days to file a supplemental brief supporting his motion for attorneys'
15 fees, which he has now filed.  Supp. Decl., ECF No. 77.

16 **II.    MOTION FOR FEES**

17 "Federal courts look to state law when deciding matters involving lis pendens." *Pearson*
18 *v. Nationstar Mortg., LLC*, No. 16-1079, 2017 WL 6453289, at *1 (C.D. Cal. Dec. 14, 2017)
19 (citing 28 U.S.C. § 1964).  California Code of Civil Procedure section 405.31 generally permits
20 an award of attorneys' fees in connection with the expungement of a *lis pendens*.  Specifically, a
21 party prevailing on a motion to expunge "shall . . . be awarded the reasonable attorney's fees and
22 costs of making or opposing the motion unless the court finds that the other party acted with
23 substantial justification or that other circumstances make the imposition of attorney's fees and
24 costs unjust."  Cal. Civ. Proc. Code § 405.38.  "California cases have defined a 'substantially

---

[1] Plaintiff filed his opposition late and with no explanation for his tardiness.  *See generally* Opp'n.  However, because defendants had the opportunity to file a reply, *see* Min. Order, ECF No. 66, the court will consider plaintiff's arguments.

[2] The court **denies plaintiff's counsel's ex parte application to continue the September 1, 2023, hearing, ECF No. 71, as moot**.

2

justified' position to mean one which is justified to a degree that would satisfy a reasonable person." *Wertin v. Franchise Tax Bd.*, 68 Cal. App. 4th 961, 977 (1998). Federal district courts commonly award fees under these provisions. *See, e.g., Navarette v. JPMorgan Chase Bank*, No. 12-02270, 2013 WL 1703892 (C.D. Cal. Apr. 19, 2013).

In determining fees, the court utilizes the lodestar method, which multiplies the number of hours counsel "reasonably expended" litigating the motion by counsel's "reasonable hourly rate." *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). The reasonable hourly rate is based on trends in the relevant community, which is the "forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

Defendants prevailed on their prior motion to expunge, *see* Prior Order (June 30, 2023) at 3, so are eligible for attorneys' fees. Defendants' counsel asks this court to grant $13,400 in fees for 26.7 hours of work relating to the motion to expunge. Bernstein Decl. ¶¶ 17–18, ECF No. 62–2; Client Invoice, Bernstein Decl. Ex. 9, ECF No. 62–2; Reply at 3; Supp. Decl. ¶¶ 13–14. Counsel spent these hours drafting the initial motion to expunge, after being unable to resolve the matter with plaintiff's counsel, drafting the renewed motion to expunge and reviewing plaintiff's opposition, reading this court's June 30, 2023, order, researching next steps, preparing for hearing on this motion for fees, responding to plaintiff's opposition to this motion, attending oral argument and drafting a supplemental brief. Bernstein Decl. ¶¶ 3, 5-10, 12, 14-15, 17–18; Reply at 3; Supp. Decl. ¶¶ 13–14. Counsel billed these hours at an hourly rate of $400, a $50 reduction from his standard rate of $450. Bernstein Decl. ¶ 20.

While plaintiff opposes this motion, he has not met his burden to show he - or more appropriately his counsel - "acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Code Civ. Proc. § 405.38; *see Am. Nat'l Red Cross v. United Way Calif. Cap. Region*, No. 07-1236, 2007 WL 4522967, at *7 (E.D. Cal. Dec. 19, 2007). The arguments counsel lays out in the opposition appear to defend the actions of plaintiff's counsel by blaming plaintiff himself. *See generally* Opp'n. The opposition states the imposition of attorneys' fees and costs would be unjust but makes no reasoned argument to

support this claim. *Id.* at 3. Instead, the opposition contends plaintiff "demanded that counsel record a *lis pendens* after counsel [] advised him of the risks" and plaintiff "refused to expunge his *lis pendens* after" defendants learned of the *lis pendens* and contacted plaintiff's counsel. Opp'n at 4–6.³ These representations support the conclusion that plaintiff's counsel's recording of the *lis pendens* was not substantially justified. Moreover, as defendants have informed the court, plaintiff's counsel did not serve them with a copy of the notice of *lis pendens*, as required by California law. *See* Cal Civ. Proc. Code § 405.22; Bernstein Decl. ¶ 3. That counsel now claims he advised against filing the notice but still effected it does not change the analysis; if anything, it weighs in defendants' favor. Plaintiff's counsel has shown neither he acted with substantial justification nor that it would be unjust to award fees to defendants.

Defendants' counsel has provided the court with billing records describing the work performed. The work appears reasonable. Additionally, defendants' counsel identifies cases in which courts within the relevant community have approved hourly rates similar to his, including a prior order by another judge in this district awarding attorneys' fees of $400 for counsel in a related case. Supp. Decl. ¶¶ 1, 7, 9, 10; *22 DM, LP v. Kan*, No. 2:22- 00754, 2022 WL 2718795, at *2 (E.D. Cal. July 13, 2022).⁴ The court finds counsel has properly justified his hourly rate and **grants** counsel's motion for fees, to be paid by plaintiff's counsel given that he effected the filing of the *lis pendens*, did not serve it and then delayed the matter.

### III.   MOTION TO WITHDRAW

Plaintiff's attorney, Mr. Applbaum, moves to withdraw as counsel of record.⁵ Mot. to Withdraw. If withdrawal would leave a client in propria persona, Local Rule 182(d) requires the

---

³ Plaintiff's counsel also makes arguments regarding his deteriorating relationship with plaintiff. Opp'n at 4 (stating plaintiff has become "progressively more difficult, combative, and uncooperative" with counsel). Because these arguments are irrelevant to the motion for fees, the court disregards these statements.

⁴ Despite the court's explicit instructions at hearing, counsel also submitted hourly rates from attorneys practicing outside this district. *Id.* ¶¶ 3, 5. The court disregards these references.

⁵ In evaluating Mr. Applbaum's motion to withdraw, the court learned he has provided the court with an incorrect state bar number in his moving and opposition papers, as well as many other filings before this court. He lists his California bar number as "555211," but this number is

4

withdrawing party to seek leave of court, file a formal motion and provide notice of the withdrawal to the client and all other parties who have appeared.  The attorney must also provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  *Id.*  Withdrawal must also comply with the Rules of Professional Conduct of the State Bar of California.  Under California Rule of Professional Conduct 1.16, a lawyer may withdraw from representing a client if at least one of ten circumstances is present, including as potentially relevant here, "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively[.]"  Cal. R. Prof. Conduct 1.16(b)(4).  But ultimately, "[t]he decision to grant or deny a motion to withdraw is within the court's discretion." *Staychock v. Klean Kanteen, Inc.*, No, 17-1012, 2017 WL 6383603, at *1 (E.D. Cal. Dec. 14, 2017) (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009)).  Courts consider several factors, "including the reasons for withdrawal, possible prejudice to the client and other litigants, harm to the administration of justice, and possible delay."  *Id.* (citation omitted).

      Counsel argues it would be unreasonably difficult to continue carrying out the representation here effectively because the relationship between counsel and plaintiff "has deteriorated," and counsel and plaintiff face "irreconcilable differences."  Mot. to Withdraw at 2.  For example, counsel states plaintiff, who is currently facing criminal charges also related to the Sherriff's sale, has been "advised by his criminal attorney not to execute a declaration in this case" and as such counsel could not properly object to defendants' motion for fees. *Id.* at 2–3.  Counsel also states he cannot financially continue to represent plaintiff as he has already "expended substantial financial resources" on this case.  Applbaum Decl. ¶ 7, ECF No. 63.  Although counsel blames plaintiff for "demand[ing] that counsel record a lis pendens" over counsel's objections in his response to the motion for fees, Opp'n. at 4–5, he does not expressly argue he must withdraw because plaintiff insisted on "presenting a claim or defense . . . that is not warranted under existing law."  Cal. R. Prof. Conduct 1.16(b)(1).

---

invalid. *See, e.g.*, ECF Nos. 63, 65, 71.  Mr. Applbaum is cautioned to provide the court with his correct state bar number on all future filings.

The court finds counsel's explanation deficient in a number of respects. First, although counsel cites this district's relevant local rule, Mot. to Withdraw at 4, counsel has not complied with the rule. For example, counsel has not provided an affidavit with the current or last known address of plaintiff. E.D. Cal. L.R. 182(d). Moreover, although counsel states he will be "advising opposing counsel that [he] is withdrawing from this case," his declaration does not state he has done so, nor does he provide any proof that he informed any party of his intent to withdraw. Applbaum Decl. ¶ 6; *see also*; E.D.L.R. 182(d). Second, counsel states he contacted plaintiff on July 24, 2023, and "requested that he obtain new legal counsel." Mot. to Withdraw at 3. Counsel did not give his client even a full day's notice before filing this motion with the court on the same day, July 24, and so did not provide plaintiff reasonable notice as required by California Rule of Professional Conduct 1.16(b), (d). *Cf. DCR Mktg., Inc. v. U.S. All. Grp., Inc.*, No. 19-1897, 2020 WL 7086147, at *2 (C.D. Cal. Aug. 17, 2020) (finding attorney who gave client two months' notice and "persistent[ly] urg[ed] his client to hire new counsel in that time complied with California Rule of Professional Conduct 1.16(b)). Third, although there is no formal opposition to this motion on the docket, counsel himself states plaintiff has not consented to the withdrawal. Mot. to Withdraw at 3; *see also* Letter from Mr. Kan, ECF No. 73 at 1 ("I have not requested that Mr. Marc Applbaum of Medway Law to relieved as my council." (verbatim transcription)). Instead, counsel states plaintiff "has the services of multiple attorneys that are providing him with legal advice in connection with this case," but has not identified a single attorney who has agreed to take on plaintiff's representation if counsel withdraws here. *Id.* at 3. The professional conduct requirements are not mere technicalities that are easily excused, even if the relationship between counsel and client has deteriorated.[6] *See Lanier v. City of Fresno*, No. 1:10-01120, 2011 WL 5118526 (E.D. Cal. Oct. 27, 2011) ("As Plaintiff's counsel's motion to withdraw fails to meet the requirements of L.R. 182(d), the Court cannot consider the

---

[6] The court also notes counsel filed no response to a defendant's pending motion to dismiss set for hearing later this month, even though he was not relieved at the time opposition was due. *See* Mot. to Dismiss, ECF No. 67; Notice of Non-Opp'n, ECF No. 70; *cf.* Cal. Rule of Prof. Conduct 1.16(c), (d).

1 motion at this time."). For these reasons, if the court were to reach the merits of counsel's motion
2 to withdraw, it would deny the motion without prejudice.

3       The court does not reach those merits, however, because more fundamental issues are
4 raised by counsel's conduct in responding to the motion for attorney's fees addressed above, as
5 well as in responding to the court's order to show cause. These issues are discussed below and
6 lead the court **to sanction counsel by relieving him as plaintiff's attorney and suspending him**
7 **from the bar of this court, subject to the conditions set forth below to protect plaintiff's**
8 **interests, and denying counsel's motion to withdraw as moot**.

9 **IV.   COUNSEL'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

10       Given counsel's divulging of what the court must assume were confidential
11 communications between himself and his client in filings before this court, as well as counsel's
12 nonappearance at hearing and plaintiff's letter delivered to the court on the day of hearing saying
13 he had not consented to withdrawal and alleging further misconduct by counsel, Letter, ECF No.
14 73, the court issued its order to show cause why it should not suspend or revoke counsel's
15 admission to the bar of this court and report his conduct to the State Bar of California, Prior Order
16 (Sept. 7, 2023), ECF No. 78; *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996)
17 ("District judges have an arsenal of sanctions they can impose for unethical behavior. These
18 sanctions include monetary sanctions, contempt, and the disqualification of counsel."); E.D. Cal.
19 L.R. 180(e) (all members of the Bar of this Court must "comply with the standards of
20 professional conduct required of members of the State Bar of California and contained in the
21 State Bar Act, the Rules of Professional Conduct of the State Bar of California, and court
22 decisions"). Counsel filed a response through retained counsel, specially appearing, taking the
23 position that his conduct, through regrettable, does not "render him ineligible to practice before
24 the Court." Response at 2, 3, ECF No. 80; Applbaum Decl., ECF No. 80–3. Specifically, he
25 states his disclosures were reasonable given the circumstances, says a medical emergency
26 prevented him from appearing for the hearing before this court and contests plaintiff's claims
27 regarding their fee dispute. *See generally id.* The court reviews each argument in turn.

A.  **Disclosure of Attorney Client Privileged Communications**

Although counsel "recognizes that it was against his better judgment to divulge any confidential attorney-client information and communications in his Motion," he states his sharing of the information as he did does not support sanctions because his representations were in response to accusations made by plaintiff against counsel and fall under the privilege exceptions set forth in California Evidence Code section 958 and Federal Rule of Evidence 502.  Response at 3.

Specifically, counsel states his filings were in response to "accusations" made against him by a third-party attorney, Mr. Segal, who "purport[ed] to represent Plaintiff" and claimed counsel "breached his professional duties."  *Id.* at 4.  Counsel believed his relationship with plaintiff "had completely broken down" and made disclosures only "in response to such inflammatory allegations" by Mr. Segal because the disclosures were "no longer protected by his duty of confidentiality."  *Id.* at 4.  But the court had not reviewed Mr. Segal's letter at the time, and counsel's motion to withdraw did not provide the court any of this background and instead cited generally to "irreconcilable differences and lack of communication," in addition to pointing the finger at plaintiff.  Mot. to Withdraw at 2.  Counsel did not offer to provide the court with the details *in camera*, if the court felt the need to know more; making such an offer would have acknowledged Mr. Kan's likely claim of privilege and been consistent with efforts to protect it. *See Leiba v. Radnor Specialty Ins. Co.*, No. 2102009, 2022 WL 17222232, at *2–3 (C.D. Cal. Oct. 24, 2022) ("The Court is sensitive to the potential privilege issues that may have led counsel to assert the grounds in opaque terms. To the extent that those issues are at play, the Court invites counsel to submit substantiating documentation for in camera review.").

While counsel points to a state statute and federal rule of evidence as justifying his disclosure, neither citation supports his position based on the record before the court.  California Evidence Code section 958 provides "[t]here is no privilege under this article as to a communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client relationship."  Cal. Evid. Code § 958.  Section 958 applies on its face only "as to a communication relevant to an issue of breach," and is available to counsel in malpractice

8

actions and fee disputes. *See Styles v. Mumbert*, 164 Cal. App. 4th 1163, 1168 (2008). At the time counsel filed his motion, plaintiff had raised no issue before this court that counsel could have been responding to. *In Re Lewis*, No. 22-650, 2022 WL 2065590, at *4 (C.D. Cal. June 7, 2022) (section 958 applies when it becomes necessary for an attorney to divulge confidential information for "the protection of the attorney's own rights, such as when the attorney's integrity, good faith, authority or performance of duties is questioned."). As of this writing, the court is aware of no case alleging counsel's breach of any lawyerly duties. Moreover, the communications counsel disclosed that prompted the court's order to show cause do not relate to any breach of a fee agreement, but rather to the disclosure of confidential legal advice and actions counsel says he took at his client's direction. Federal Rule of Evidence 502(a) "is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence." Advisory Committee Notes to Fed. R. Evid. 502. Counsel suggests Federal Rule of Evidence 502 immunizes him because plaintiff has intentionally waived the privilege. ECF No. 80 at 3. Nothing before the court supports the conclusion Mr. Kan waived his privilege in attorney-client communications regarding the filing of a *lis pendens*. *See generally* Applbaum Decl.; *cf.* Letter, ECF No. 73, at 4-5 (saying Mr. Kan received a draft declaration from counsel's paralegal in which Mr. Kan would have "accept[ed] responsibility for Mr. Applbaum's filing and refusal to expunge the lis pendens on the house that is the subject of this lawsuit," without any indication Mr. Kan signed such a declaration). If counsel is suggesting Mr. Kan has waived his privilege because he did not promptly take steps to correct counsel's error in making the disclosure in his opposition briefing, Fed. R. Civ. P. 502(b)(3), the suggestion means counsel once again is pointing the figure at his client rather than accepting responsibility for his actions, and saying Mr. Kan should have sought sealing or redaction of counsel's filing while still represented by counsel.

   Counsel's actions in the first instance, in disclosing what on their face qualify as attorney-client communications and blaming his client for his purported need to withdraw, followed by his insufficient response to the court's order to show cause lead the court reluctantly to conclude that counsel has violated the Rules of Professional Conduct applicable to members of this court's bar.

The court thus exercises its discretion and authority to suspend counsel from practice before this court and refers him to the California State Bar for that body to consider whether his conduct here should affect his license to practice more broadly. If the California State Bar determines that counsel's ability to practice generally should not be suspended, counsel may then promptly notify this court and request reconsideration of this suspension order.

### B. Non-Appearance

Regarding his nonappearance for hearing before this court, counsel "sincerely apologies" and represents he was "prepared to attend the hearing on his Motion to Withdraw" but was "debilitated by an illness for which he was ultimately hospitalized." Response at 5. Specifically, counsel says that the week of the hearing, he suffered from increasingly painful symptoms, "which he had hoped would improve in time" but when "it became clear" he would not be able to attend hearing, he arranged for a replacement special appearance attorney, who he then learned also could not attend the hearing in his place. *Id.* The court finds counsel's explanation lacks credibility.

Counsel's paralegal first emailed the courtroom deputy the afternoon of Thursday, August 31—the day before hearing—asking the court for instructions for counsel, located in San Diego, to appear remotely. This correspondence made no mention of any illness and appeared to assume counsel could automatically appear remotely. After being informed of this court's standing order requiring in person appearances without prior approval, counsel's paralegal informed the court he had contacted opposing counsel for a stipulation to continue the hearing. The next morning, counsel himself emailed this court, explaining he would be unavailable to travel, stating he had attempted to arrange for an appearance attorney and asking for an exception to this court's rules so that he might appear remotely. Again, counsel did not inform the court of any illness. According to his later-filed declaration, counsel at the time was suffering from symptoms of "nausea, vomiting, severe stomach pain, migrane [sic] headache and back pain," Applbaum Decl.

¶ 32.[7]  In the meantime, counsel filed an ex parte motion to continue the hearing at 10:17 a.m. after the hearing had begun.  ECF No. 71.  Neither this motion, nor the attached declaration, said anything about illness.  *Id.*  Counsel's declarations do not explain how, on the day of the hearing, with the symptoms he said he was experiencing, he could have appeared remotely and then was able to file a motion during hearing.  While the court does not rely on the inconsistencies in counsel's communications with the court in referring him to the state bar, it notes them for the record.  If he seeks readmission to this court's bar in the future, counsel must explain the steps he will take to ensure he is aware of and fully follows the court's local rules and each judge's own rules for proceedings in the cases over which they preside.

### C. Fee Dispute

Counsel spends much of his response addressing Mr. Segal and plaintiff's accusations against him, which are not before the court for resolution.  The court has considered information related to the fee dispute only to the extent referenced above.

### V. CONCLUSION

As explained above, the court **grants defendants' motion for $ 13,400 in fees.** Plaintiff's counsel must pay these fees within thirty (30) days of the filing of this order, without passing them on to Mr. Kan, and file a notice confirming the payment has been made.

The court **sanctions Mr. Applbaum by relieving him as counsel for plaintiff and suspending him from membership in the bar of this court.  Mr. Applbaum shall immediately provide to plaintiff a complete copy of his client file and otherwise comply with all applicable Rules of Professional Conduct.  Mr. Applbaum also shall immediately, and no later than seven days from the filed date of this order, provide to the courtroom deputy the mailing address(es) he has for Mr. Kan.**  The court thus **denies plaintiff's counsel's motion to withdraw as moot**.

---

[7] Counsel's response includes a copy of counsel's visit summary to Sharp Memorial Hospital, where he was registered at 11:55 a.m., approximately two hours after the hearing started.

1    Plaintiff is provided **thirty (30) days** in which to identify new counsel and to have that
2    counsel make an appearance before the court.  The court sets a midlitigation status conference for
3    **December 14, 2023, at 2:30 p.m.** before the undersigned to discuss the status of this case and
4    any pending motions.
5    The court refers Mr. Applbaum to the California State Bar for consideration of whether he
6    has violated California's Rules of Professional Conduct based on the information discussed in this
7    order.
8    The Clerk of Court is directed to make a record of Mr. Applbaum's suspension from
9    membership of the bar of this court and serve a copy of this order on the California State Bar's
10   Office of Chief Trial Counsel, 845 South Figueroa Street, Los Angles, CA  90017, 213-765-1168
11   (fax).
12   This order resolves ECF Nos. 62, 63 and 71.
13   IT IS SO ORDERED.
14   DATED:  October 12, 2023.

CHIEF UNITED STATES DISTRICT JUDGE