UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHHNY KAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VERDERA COMMUNITY<br>ASSOCIATION, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:22-cv-00348-KJM-JDP (PS)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT DEFENDANTS VERDERA COMMUNITY ASSOCIATION AND SHAMUS MCCLURE'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>ECF No. 88<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff filed this action against eight defendants—including Verdera Community Association ("Verdera") and its president, defendant Shamus McClure—alleging claims related to a 2022 foreclosure of his home. Defendants Verdera and McClure ("defendants") move for summary judgment on plaintiff's claim for violation of the Davis-Stirling Common Interest Act ("Davis-Stirling Act" or "Act"), the sole claim remaining against them. ECF No. 88. I recommend that defendants' motion be denied.

**Background**

Plaintiff's first amended complaint alleges that in 2009, he purchased a home in Lincoln, California. ECF No. 29 at 9. The home was subject to Covenants, Conditions, and Restrictions ("CC&Rs") that required plaintiff to maintain the home and landscaping at community standards

1

1  and to make monthly payments to Verdera's homeowners' association ("HOA").  *Id*.  In 2015,
2  Verdera sued plaintiff in state court to collect unpaid dues, fines, and attorneys' fees resulting
3  from plaintiff's purported failure to comply with its CC&Rs.  *Id*. at 11.  Plaintiff claims, however,
4  that he paid all monthly dues and that he never received written notices of nonpayment.  *Id*. at 10.

5  In 2019, the state court entered default judgment against plaintiff, *id.* at 11, and in August
6  2020 it ordered the sale of plaintiff's home, ECF No. 88-4.[1]  Verdera subsequently instructed the
7  sheriff's department to post a notice of sale of the property, and on February 23, 2022, plaintiff's
8  home was sold.  ECF No. 29 at 12.

9  The first amended complaint asserted five claims against Verdera: (1) violation of the Fair
10  Debt Collection Practices Act ("FDCPA"); (2) violation of California Code of Civil Procedure
11  section 704.780(b); (3) violation of California Business and Professional Code section 17200
12  against; (4) violation of California's Davis-Stirling Act; and (5) elder abuse.  *Id.* at 14-21.
13  Plaintiff's section 704.780(b) and Davis-Stirling Act claims were also brought against McClure.
14  Defendants moved to dismiss plaintiff's claims, ECF No. 35, and the court granted in part and
15  denied in part defendants' motion.  Specifically, the court denied the motion as to plaintiff's
16  Davis-Stirling Act claim and granted it as to the remaining claims.[2]  ECF No. 52.

17  Defendants now move for summary judgment on plaintiff's Davis-Stirling Act claim, the
18  only claim that remains against them.  ECF No. 88.

19  **Legal Standards**

20  Summary judgment is appropriate where there is "no genuine dispute as to any material
21  fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington*

---

[1] Defendants ask that the court take judicial notice of state court records, a Notice of Sheriff's Sale of Real Property, and this court's April 12, 2023 order.  The request is granted as to the state court records and the Notice of Sheriff's Sale of Real Property, which are subject to judicial notice.  *See* Fed. R. Evid. 201(b); *Miles v. California*, 320 F.3d 986, 987 n.1 (9th Cir. 2003) (taking judicial notice of state court records); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("In addition to the complaint, it is proper for the district court to take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss.") (internal quotations omitted).  The request is denied as to the April 12, 2023 order, which is already filed in this case.

[2] Plaintiff was granted leave to amend but did not file a second amended complaint.

2

*Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d

1   376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than

2   the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477

3   U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material

4   issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to

5   require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*

6   *Electrical Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

7       The court must apply standards consistent with Rule 56 to determine whether the moving

8   party has demonstrated there to be no genuine issue of material fact and that judgment is

9   appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

10  "[A] court ruling on a motion for summary judgment may not engage in credibility

11  determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.

12  2017) (citation omitted). The evidence must be viewed "in the light most favorable to the

13  nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.

14  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,

15  198 F.3d 1130, 1134 (9th Cir. 2000).

16                              **Discussion**

17      Plaintiff alleges that defendants violated the Davis-Stirling Act by not complying with its

18  notice requirements and by failing to engage in the required alternative dispute resolution

19  processes before initiating judicial foreclosure proceedings. ECF No. 29 at 19-20.

20      The Davis-Stirling Act "is a comprehensive statutory scheme governing residential

21  common interest developments in California." *In re Warran*, No.: 15-cv-03655-YGR, 2016 WL

22  1460844, *3 (N.D. Cal. Apr. 13, 2016). It authorizes homeowners associations to levy

23  "assessments sufficient to perform [their] obligations under the governing documents," Cal. Civ.

24  Code § 5600, and provides a regulatory scheme for the collection of delinquent assessments, *id.*

25  § 5660.[3] Delinquent assessments, late fees, and collection costs become "a debt of the owner of

---

[3] The Act's provisions were renumbered in 2014. *See In Re Basave De Guillen*, 604 B.R. 826, 832 n.6 (observing that the Davis-Stirling Act was "sections 4000-6150 of the California Civil Code; it was formerly found at sections 1350-1378"). Defendants note that the amended complaint cites to the repealed provisions. ECF No. 88-1 at 5-6. They do not, however, identify

1  [property] at the time the assessment or other sums are levied." *Id.* § 5650.  Before an association
2  can record a lien, it must provide the owner with a written notice that provides: a "description of
3  the collection and lien enforcement procedures of the association," a "statement of the charges
4  owed by the owner, including items on the statement which indicate the amount of any delinquent
5  assessments," a "statement that the owner shall not be liable to pay . . . if it is determined the
6  assessment was paid on time to the association," a statement the owner has a "right to request a
7  meeting with the board," . . . a statement that the owner has the "right to dispute the assessment
8  debt by submitting a written request for dispute resolution to the association," and statement that
9  the owner has the "right to request alternative dispute resolution with a neutral third party . . . ."
10 *Id.* § 5660.  The Act also "includes provisions addressing alternative dispute resolution (ADR),
11 including the initiation of such nonjudicial procedures, the timeline for completing ADR, and the
12 relationship between ADR and any subsequent litigation." *Grossman v. Park Fort Washington*
13 *Assn.*, 212 Cal. App. 4th 1128, 1132 (2022); *see* Cal. Civ. Code § 5930(a) ("An association or a
14 member may not file an enforcement action in the superior court unless the parties have
15 endeavored to submit their dispute to alternative dispute resolution pursuant to this article.").

16  Defendants argue that there is no dispute that plaintiff both lacks standing under the
17 Davis-Stirling Act and has no evidence that defendants violated the Act.  ECF No. 88-1 at 5-6.
18 This is so, according to defendants, due to plaintiff's failure to timely respond to Verdera's
19 Request for Admissions ("RFAs").  *Id*.

20  On July 21, 2023, defendants' counsel served plaintiff's former counsel via email
21 Verdera's first set of RFAs.[4]  ECF No. 88-2 at 2.  In his declaration, defendants' counsel states
22 that when serving the RFAs, he sent the request to plaintiff's former counsel's "main email
23 address and his paralegal's email address." *Id*.  He explains that this same form of "electronic
24 service [was] utilized to serve" motions that Verdera previously filed in this action, and that "[a]ll
25 other defendants in this case utilize[d] the same email addresses to serve" plaintiff's former

---

any material differences between the repealed and current versions.

[4] Plaintiff was previously represented by attorney Marc Applbaum.  On October 12, 2023, Mr. Applbaum was suspended from the bar of this court.  ECF No. 83.  Plaintiff was afforded an opportunity to secure new counsel but has not done so and now proceeds pro se.

counsel. *Id.* Defendants' counsel further declares that plaintiff never served a response to Verdera's RFAs. *Id.*

Pursuant to FRCP 36(a)(3), a matter is deemed admitted unless, within thirty days of being served with discovery, the party to whom the request is directed serves a written answer or objection. The Federal Rules of Civil Procedure permit discovery requests to be served by electronic means, but only when the responding party has "consented in writing." Fed. R. Civ. P. 5(b)(2)(E). The Advisory Committee notes explain that the consent "must be express, and cannot be implied from conduct." Fed. R. Civ. P. 5, Advisory Committee Notes, 2001 Amendment.

The record before the court does not establish that plaintiff or his former attorney consented in writing to service by email. At most, defense counsel's declaration indicates an informal practice of serving documents by electronic means, which does not equate to express, written consent. As such, Verdera's RFAs were never deemed admitted pursuant to Rule 36(a); they were never properly served. *Cf. Bunn v. Dash*, No. 2:20-cv-07389-DMG-JC, 2021 WL 4868353, at *6 (C.D. Cal. July 23, 2021) ("The Requests were never 'deemed admitted' by operation of law under Rule 36(a) because they were not properly served so there is no need to 'relieve' Defendant of making deemed admissions or to authorize him to 'withdraw' the same."); *Family Dollar Stores, Inc. v. United Fabrics Intern., Inc.*, 896 F. Supp. 2d 223 (S.D.N.Y. 2012) (holding that a party's service of requests for admissions by e-mail was void where the responding party did not consent in writing to accept service by electronic means).

Defendants have made no other attempt to show that there is an absence of a genuine issue of material fact as to plaintiff's Davis-Stirling Act claim. Indeed, their motion relies exclusively on the mistaken assumption that Verdera's RFAs have been deemed admitted. As discussed above, defendants, as the moving party, bear the initial "burden of proving the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. They have failed to satisfy that burden, and so summary judgment is not appropriate.

Accordingly, it is hereby RECOMMENDED defendants Verdera and McClure's motion for summary judgment, ECF No. 88, be denied.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    August 19, 2024                                                      

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE