1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Johnny Kan,                                  No. 2:22-cv-00348-KJM-JDP

12                     Plaintiff,                  ORDER

13          v.

14   Verdera Community Association, et al.,

15                     Defendants.

16

17          This court previously relieved Marc Applbaum as counsel for plaintiff Johnny Kan,

18   suspended Applbaum from the bar of this court, and referred him to the California State Bar for

19   consideration of whether he violated California's Rules of Professional Conduct.  *See* Order

20   (Oct. 12, 2023), ECF No. 83.  Applbaum had, among other things, publicly divulged confidential

21   communications between himself and Kan in an effort to illustrate the "irreconcilable

22   differences" that had developed between them.  *See id.* at 8–9.  Kan did not retain substitute

23   counsel after Applbaum was relieved, so the matter was referred to the assigned Magistrate Judge

24   under this district's local rules.  *See* Order (Dec. 1, 2023), ECF No. 90; E.D. Cal. L.R. 302(c)(21).

25          Two defendants, Shamus McClure and the Verdera Community Association, filed a

26   motion for summary judgment in November 2023—after this court issued its order relieving

27   Applbaum as counsel but before it became clear Kan would not obtain substitute counsel.  *See*

28   Mot., ECF No. 88.  Their motion is based on a set of requests for admissions they emailed to

                                                   1

1  Applbaum in July 2023.  *See* Mem. at 5–6, ECF No. 88-1; *see also* Rolfe Decl. ¶¶ 3–5 & Exs. A–

2  B, ECF No. 88-2.  This was during the time Applbaum was claiming he and Kan were not

3  communicating effectively.  *See* Mem. at 5–6, ECF No. 88-1.  Kan describes the relationship in

4  even darker terms.  He claims Applbaum "had been misappropriating and absconded with" his

5  assets.  *See* Opp'n at 1, ECF No. 97.  McClure and Verdera never received a response to the

6  requests for admissions they emailed to Applbaum, and for that reason, they argue Kan has

7  admitted what they requested under Federal Rule of Civil Procedure 36(a)(3).  *See* Mem. at 5.

8        The Magistrate Judge recommends denying the motion for summary judgment.  *See*

9  F&Rs, ECF No. 102.  McClure and Verdera offer no evidence to show they obtained Kan's or

10  Applbaum's written consent to receive documents by email, as required by Rule 5(b)(2)(E), so

11  neither Applbaum nor Kan actually received formal service of the requests for admissions.  *See*

12  F&Rs at 6, ECF No. 102.  McClure and Verdera object to that recommendation, but they "do not

13  dispute they did not obtain a writing that explicitly confirms electronic service."  Objections at 3,

14  ECF No. 103.

15        The Magistrate Judge's findings and recommendations are both correct and just.  The

16  court adopts them in full.  McClure and Verdera cannot selectively rely on the rules that serve

17  their purposes while disregarding others that do not.  That is especially true in circumstances such

18  as these.  It is unclear whether Kan—or even Applbaum—was aware of the disputed requests for

19  admission.  McClure and Verdera cite an email to prove Applbaum acknowledged receipt, but the

20  email was not from Applbaum.  It was from his paralegal.  *See* Edgemont Email (July 24, 2023),

21  ECF No. 103-1.  Nor does the email mention any requests for admissions.  *See id.*

22        In the alternative, McClure and Verdera request permission to serve their requests for

23  admissions again on Kan directly, this time by mail.  *See* Objections at 3–4.  They may raise that

24  request with the assigned Magistrate Judge.

25        1.    The findings and recommendations (ECF No. 102) are adopted in full.

26        2.    The motion for summary judgment (ECF No. 88) is denied.

27        3.    This matter is referred back to the assigned Magistrate Judge for further pretrial

28              matters.

1     IT IS SO ORDERED.

2   DATED: October 3, 2024.

3

_____
UNITED STATES DISTRICT JUDGE