UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY KAN,<br><br>   Plaintiff,<br><br>   v.<br><br>VERDERA COMMUNITY ASSOCIATION, *et al.*,<br><br>   Defendants. | Case No.  2:22-cv-0348-DC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the court is plaintiff's motion to voluntarily dismiss this action without prejudice.  ECF No. 113.  Defendants do not stipulate to a dismissal without prejudice and instead ask the court either to dismiss this action with prejudice or to dismiss it without prejudice and award fees.  Because defendants will not suffer plain legal prejudice, the court recommends that this action be dismissed without prejudice and without fees pursuant to Rule 41(a)(2).

**Procedural History**

Plaintiff purchased a home in 2009 that was subject to Covenants, Conditions, and Restrictions ("CC&Rs") by defendant Verdera Community Association ("Verdera").  ECF No. 29 at 9.  The CC&Rs required plaintiff to maintain the home and landscaping at community standards and to make monthly payments to Verdera's homeowners' association ("HOA").  *Id.*  Six years after plaintiff purchased his home, Verdera sued plaintiff in state court for plaintiff's purported failure to comply with the CC&Rs.  *Id.* at 11.  Plaintiff maintains that he complied with

1

the CC&Rs and that he never received written notices of nonpayment. *Id.* at 10. In 2019, the state court entered default judgment against plaintiff, *id.* at 11, and in August 2020 it ordered the sale of plaintiff's home, ECF No. 88-4. Verdera subsequently instructed the sheriff's department to post a notice of sale of the property, and on February 23, 2022, plaintiff's home was sold. ECF No. 29 at 12.

The first amended complaint asserted five claims against Verdera: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) violation of California Code of Civil Procedure section 704.780(b); (3) violation of California Business and Professional Code section 17200 against; (4) violation of California's Davis-Stirling Common Interest Act; and (5) elder abuse. *Id.* at 14-21. Plaintiff's section 704.780(b) and Davis-Stirling Act claims were also brought against Verdera's president, Shamus McClure.

Defendants moved to dismiss plaintiff's claims, ECF No. 35, and the court granted in part and denied in part defendants' motion. Specifically, the court denied the motion as to plaintiff's Davis-Stirling Act claim and granted it as to the remaining claims. ECF No. 52. Defendants moved for summary judgment on plaintiff's remaining claim. ECF No. 88. The court denied that motion, finding that defendants had not demonstrated an absence of a genuine issue of material fact since they relied entirely on the mistaken belief that Verdera's Requests for Admissions were deemed admitted. ECF No. 104. The case proceeds on plaintiff's single claim for a violation of the Davis-Stirling Act against Verdera and McClure.

## Rule 41(a)(2) Dismissal

Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The phrase "terms that the court considers proper" provides district courts the discretion to dismiss with or without prejudice. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). When confronted with a motion for voluntary dismissal pursuant to Rule 41(a)(2), the court must determine: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

A court should grant a Rule 41(a)(2) motion for "dismissal without prejudice unless the defendant will suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts." *Phillips v. Illinois Central Gulf Railroad*, 874 F.2d 984, 986 (9th Cir. 1989). The Ninth Circuit interprets "legal prejudice" to mean "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). The Ninth Circuit has explained that "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice. *Id.* at 96-97. Plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

Courts consider the following factors in determining whether dismissal should be with or without prejudice: "(1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss." *Fraley v. Facebook, Inc.*, 2012 WL 893152, at *3 (N.D. Cal. Mar. 13, 2012) (quoting *Burnette v. Godshall*, 828 F. Supp. 1439, 1443-44 (N.D. Cal. 1993)).

Plaintiff moves to dismiss this action without prejudice and without imposition of costs. ECF No. 113. Plaintiff argues that he is unable to litigate this action because he could not retain new legal counsel due to his fixed social security income and because his case has been hamstrung by his prior counsel.[1] *Id.* at 2. Plaintiff also argues that this action is in the early stages of litigation—with the parties only recently exchanging initial disclosures—and that defendants' motion for summary judgment was adjudicated on procedural grounds, rather than on the merits. *Id.*

---

[1] The court need not review plaintiff's prior counsel's actions in detail. Suffice it to say that the previously assigned district judge, Judge Mueller, referred counsel to the California State Bar for potential violations of the California's Rules of Professional Conduct and suspended him from membership in this court's bar. ECF No. 83.

Defendants ask that this action be dismissed with prejudice based on plaintiff's failure to prosecute under Rule 41(b), or, in the alternative, if the court dismisses the case without prejudice, that dismissal be conditioned on the award of fees under Rule 41(a). ECF No. 115 at 2. Defendants first argue that plaintiff has failed to comply with the court's amended scheduling order by failing to serve initial disclosures, that plaintiff has not propounded any discovery or sought to schedule any depositions, and that plaintiff has not responded to discovery that defendants propounded in February 2025.[2] *Id.* at 3-4. Finally, defendants argue that plaintiff has not responded to counsel's attempt to discuss plaintiff's motion.[3] *Id.* at 4-5.

Here, the court finds it necessary to clarify that plaintiff asks to *voluntarily* dismiss this action pursuant to Federal Rule of Civil Procedure 41(a). *See* ECF No. 113. Defendants, for their part, seek *involuntary* dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute. ECF No. 115 at 5. The court will not convert plaintiff's motion into something it is not. If defendants wanted to seek dismissal under 41(b), defendants should have filed a motion instead of tucking such a request into their opposition.

Defendants' second argument seeks dismissal without prejudice but only if conditioned on the award of fees. ECF No. 115 at 7. Defendants argue that they are not liable to plaintiff for any damages, but they have incurred significant costs and fees for defending against this action. *Id.*

Defendants' argument that dismissal without prejudice should be conditioned on the award of fees is unsupported by case law or other authority.[4] *See generally id.* Indeed,

---

[2] The court is unaware of, and defendants have not cited, any authority holding that a party is considered to not be prosecuting an action because they choose not to serve written discovery or to notice a deposition.

[3] Defense counsel acknowledges in his sur-reply declaration that plaintiff did respond to his email, but that the email went to his spam folder and was only discovered later. ECF No. 117 at 11.

[4] Defendants cite to two cases in their sur-reply that explains that a court can condition dismissal without prejudice on the award of fees. ECF No. 117. Defendants sur-reply is procedurally improper as they did not seek leave to file it. The court's local rules state that "[a]fter a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval . . . " E.D. Cal. L.R. 230(m). This rule restricts the filing of an unauthorized sur-reply. Further, there is no right to file a sur-reply under the Federal Rules of Civil Procedure. *See Garcia v. Biter*, 195 F.Supp.3d 1131, 1132 (E.D. Cal. July 18, 2016). The court, however, has reviewed the sur-reply and finds that the cases cited to by defendants do not support their

4

defendants offer no argument in their opposition as to the plain legal prejudice they would suffer should this action be dismissed without prejudice. Additionally, defendants concede in their sur-reply that "[d]efendants cannot herein articulate a 'plain legal prejudice.'" ECF No. 117 at 8. Indeed, defendants have identified no "legal interest, [] legal claim, [or] legal argument" warranting dismissal with prejudice. *Westlands Water Dist.*, 100 F.3d at 96. Because defendants have not demonstrated that they will suffer some plain legal prejudice, the court recommends that this action be dismissed without prejudice.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion to voluntarily dismiss, ECF No. 113, be GRANTED.

2. This action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

3. Plaintiff's motion for the appointment of counsel, ECF No. 111, be DENIED as moot.

4. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

request for fees. Critically, defendants have not shown that they incurred attorney fees for work that cannot be used in future litigation. *See Westlands Water Dist.*, 100 F.3d at 97 ("[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims.").

5

IT IS SO ORDERED.

Dated: August 13, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE